FILED
07/23/2021
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2021

**STATE OF TENNESSEE v. TRACY LYNN HARRIS**

**Appeal from the Circuit Court for Carroll County**
**No. 00-CR-1470     Donald E. Parish, Judge**
———————————————————

**No. W2020-01564-CCA-R3-CD**
———————————————————

Pro-se petitioner, Tracy Lynn Harris, appeals from the Carroll County Circuit Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Court of Criminal Appeals**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. J., and NORMA MCGEE OGLE, J., joined.

Tracy Lynn Harris, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and James Webb, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On March 20, 2000, pursuant to a written plea agreement, Petitioner entered guilty pleas to first-degree murder during the perpetration of a felony, as well as a stand-alone count of aggravated rape, in exchange for a negotiated sentence of life without parole and twenty years' imprisonment, to be served concurrently. Prior to Petitioner's guilty plea, the State had filed notice of its intent to seek the death penalty. Petitioner did not file a direct appeal of his convictions; however, over the twenty years since Petitioner's conviction, he has unsuccessfully challenged the validity of his guilty pleas in both state and federal courts. *See Tracy Lynn Harris v. Holloway*, No. 1:12-cv-01204-JDB-egb, 2015

WL 3823945 (W.D. Tenn. June 19, 2015) (outlining procedural history and denying federal habeas corpus relief) (no perm. app. filed); *Harris v. Lee*, No. 1:12-cv-01204-JDB-egb, 2015 WL 7458650 (W.D. Tenn. Nov. 23, 2015) (order denying petition for rehearing of denial of federal habeas corpus relief) (no perm. app. filed); *Tracy Lynn Harris v. State*, No. W2011-01578-CCA-R3-PC, 2011 WL 6747474, at *2 (Tenn. Crim. App. at Jackson, Dec. 21, 2011) (affirming denial of post-conviction relief from the entry of the amended judgment and concluding, in light of *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), that any error in amending the judgment to include lifetime supervision was harmless because the Petitioner was serving a sentence of life without parole and would never be subject to the amendment), *perm. app. denied* (Tenn. Apr. 12, 2012); *Tracy Lynn Harris v. Jim Worthington*, No. E2008-02363-CCA-R3-HC, 2010 WL 2595203, at *1 (Tenn. Crim. App. at Knoxville, June 29, 2010) (noting that the aggravated rape conviction was void; however, affirming denial of state habeas corpus relief and remanding for entry of corrected judgment because the Petitioner failed to establish that lifetime community supervision condition was a bargained-for-element of the plea), *perm. app. denied* (Tenn. Nov. 17, 2010); *Tracy Lynn Harris v. State*, No. W2008-02507-CCA-R3-CD, 2009 WL 1362365 (Tenn. Crim. App. at Jackson, May 15, 2009) (affirming denial of the Petitioner's motion to withdraw his guilty pleas as untimely) (no perm. app. filed); *Tracy Lynn Harris v. Jim Worthington*, No. E2008-00603-CCA-R3-HC, 2008 WL 3892031, at *1 (Tenn. Crim. App. at Jackson, Aug. 22, 2008) (rejecting Petitioner's claim that his guilty plea to an unrelated escape conviction was void) (no perm. app. filed).

On April 6, 2021, Petitioner filed the instant motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, Petitioner specifically argues that his negotiated life sentence without the possibility of parole violates Tennessee Code Annotated 40-35-211 for its lack of an expiration, thereby rendering the sentence illegal and void. By written order entered November 9, 2020, the trial court found that Petitioner's motion failed to state a colorable claim for relief and summarily denied the motion.

Upon review, we agree with the trial court and conclude that Petitioner's life sentence without the possibility of parole is neither illegal, nor void. At the time of Petitioner's conviction, sentencing statutes provided for a sentence of life without parole for a conviction of first-degree felony murder. *See* T.C.A. § 39-13-202(c)(2) (2000) ("There shall be no release eligibility for a defendant receiving a sentence of imprisonment for life without possibility of parole for first degree murder"). Further, this court has noted that section 40-35-211 specifies that a determinate sentence may include a sentence of "life[.]" *State v. Danny Ray Lacy*, No. W2019-00748-CCA-R3-CD, 2020 WL 1972610 (Tenn. Crim. App. at Jackson, Feb. 4, 2020), *perm. app. denied* (Tenn. Sept. 21, 2020).

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in the proceeding without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JILL BARTEE AYERS, JUDGE